**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO MANUEL VILLARRUEL, Petitioner, v. MIKE MCDONALD, Warden, Respondent. | NO. CV 10-7176 JST (FMO) **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation (R&R), and the Objections to the Report and Recommendation. Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain of petitioner's objections, below.

Specifically, petitioner notes that the legal documents he needed in order to file his federal petition included: (1) his petition for review filed in the California Supreme Court; (2) the California Court of Appeal's decision affirming his judgment; (3) all of the state court decisions denying his state habeas petitions; and (4) the case numbers from all of these documents. As discussed in the R&R, petitioner contends that he was required to pack all of his property, including these

1  documents, on May 21, 2010 to prepare for a prison transfer, and did not receive his property
2  back until July 16, 2010, the exact date on which the time to file the instant Petition, including
3  statutory tolling, would have expired. Citing Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), petitioner
4  argues that this provides a sufficient basis for equitable tolling. However, entirely lacking is the
5  required showing of diligence by Petitioner.

6  As thoroughly addressed in the R&R, application of the equitable tolling doctrine requires a showing of both diligence and extraordinary circumstances. (See R&R at 8-9.) Here, petitioner acknowledges that he was permitted to transport his documents at the time of his transfer. He alleges that he did not receive the documents at the new prison until two months later. However, petitioner makes no showing that, at any point during those two months, he made any request or took any steps whatsoever to obtain the documents. This stands in contrast to those cases in which the petitioner either acted with diligence to secure his legal property or showed that an attempt to obtain the property would have been futile in light of prison policy. See Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (equitable tolling may apply where petitioner provided evidence of repeated requests for access to "legal property" while in administrative segregation, along with evidence that requests were rejected); Lott, 304 F.3d at 921-22 (petitioner denied access to his legal documents during temporary prison transfer where evidence showed it was the policy and practice of the prison not to allow transfer of any legal documents). In short, while equitable tolling may be appropriate when a prisoner is *deprived* of access to necessary legal documents for an extended period of time during the running of the statute of limitations, here petitioner does not show that circumstances beyond his control were the cause of his failure to timely file. To hold otherwise would have the effect of allowing routine prison transfers to qualify as extraordinary circumstances, a proposition that courts have "uniformly and sensibly" rejected. Allen v. Johnson, 602 F. Supp. 2d 724, 727-28, 727 n.4, 728 nn.5-7 (E.D. Va. 2009) (collecting cases). Therefore, petitioner has not met his burden of demonstrating that he is entitled to equitable tolling, and his petition must be dismissed as untimely.

27  Accordingly, IT IS ORDERED THAT:
28       1.   Judgment shall be entered dismissing the action with prejudice.

2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: September 28, 2011

*/s/ Josephine Staton Tucker*
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE